UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH WHITE,

                                                    Plaintiff,

                                                                                        <u>DECISION AND ORDER</u>

                                                                                       03-CV-6315L

            v.

EDWARD STANTON, et al.,

                                                    Defendants.
_____

      On January 17, 2008, the Court issued an Order to Show Cause directing the parties to advise the Court in writing concerning the status of this *pro se* prisoner civil rights case, and warning that a "failure to respond could result in the case being dismissed for failure to prosecute pursuant to Rule 41.2 of the local rules" for this district. Dkt. #22. A copy of that order was mailed to plaintiff at his last known address, but was returned to the Court as undeliverable.

      Dismissal is therefore warranted here. Local Rule 41.2 provides that in a civil case in which no action has been taken by the parties in six months, "the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute," and that if the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

      There has been no activity in this case since plaintiff's mailing address was last updated (to Clinton Correctional Facility) in December 2006. According to the DOCS internet inmate lookup

service, http://nysdocslookup.docs.state.ny.us, plaintiff was released from custody on August 16, 2007, upon the expiration of his sentence.  Thus, plaintiff's failure to receive the Court's Order to Show Cause is attributable to his own noncompliance with Local Rule 5.2(d), which requires *pro se* litigants to furnish the Court with a current address at all times, and which expressly provides that "[f]ailure to do so may result in dismissal of the case with prejudice."  In light of these facts, and the other relevant factors, *see United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2$^d$ Cir. 2004), I therefore conclude that the action should be dismissed for failure to prosecute.

## CONCLUSION

The complaint is dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Rule 41.2 of the Local Rules of Civil Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 7, 2008.